IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Feaster #03619-000,<br><br>Petitioner,<br><br>v.<br><br>Louis W. Winn, Jr., Warden,<br><br>Respondent[1]. | No. CV-11-00453-TUC-JGZ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Michael A. Feaster, presently confined in the United States Penitentiary (USP) - Tucson, Arizona[2], has filed a *pro se* Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Amended Petition"). (Doc. 19.)[3]

Respondent has filed an Answer to the Amended Petition and Motion to Dismiss with Exhibits 1 through 2 attached. (Doc. 24.) The Court construed the Answer and

---

[1] Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Louis W. Winn, Jr., the current Warden at USP-Tucson, is automatically substituted for the former Warden, Craig Apker.

[2] Feaster was confined in USP–Tucson, Arizona, when he initiated these proceedings by filing his Petition for Writ of Habeas Corpus in the United States District Court for the District of Columbia, naming the Federal Bureau of Prisons as respondent. (Doc. 1.) The District Court for the District of Columbia transferred the case to this Court. (Doc. 7.) This Court dismissed the original petition for lack of jurisdiction, allowing Petitioner 30 days to file an amended § 2241 petition naming the proper respondent. (Doc. 18.) On September 7, 2011, Petitioner filed the instant Amended Petition, naming his custodian as Respondent in this action. (Doc. 19.)

[3] "Doc." refers to the documents in this Court's file.

Motion to Dismiss as an Answer ("Answer"). (Doc. 25.) Petitioner filed a Traverse ("Traverse") (Doc. 27), and a motion to supplement with attached exhibit (Supplement) (Doc. 30). Pursuant to this Court's order, the Respondent filed a supplement to their Answer ("Supplemental Answer") (Doc. 34), and Petitioner filed a supplemental traverse ("Supplemental Traverse") (Doc. 36).

On November 19, 2013 this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 38.)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order dismissing the Amended Petition and this action.

## I. PROCEDURAL BACKGROUND

On November 14, 1990, Petitioner was sentenced after trial and conviction in docket number F3313-89 by the Superior Court for the District of Columbia to an indefinite term of a minimum of 98 years, 4 months to a maximum of 295 years imprisonment. (Ex.[4] 1, ¶ 4; Ex. 2, Attachment 1.) On January 4, 2007, the Court reduced the sentence to an indefinite term of a minimum of 78 years, 4 months to a maximum of 235 years. (Ex. 2, Attachment 1, ¶ 5) Though the sentences were imposed by the Superior Court of the District of Columbia, under the National Capitalization Revitalization and Self–Government Improvement Act of 1997, ("Revitalization Act"), Congress has mandated that the federal Bureau of Prisons (BOP) be responsible for the custody and care of felons sentenced to incarceration pursuant to the D.C. Code. *See* Pub.L.No. 105–

---

[4] Unless otherwise noted, exhibits attached to the State's Answer, are referenced throughout as "Ex."

33, § 11201, 111 Stat. 734 (1997) (codified at D.C. Code § 24-101).

Petitioner asserts that the BOP refuses to apply the D.C. Codes' institutional ("DC IGT"), educational ("DC EGT") and meritorious ("DC MGT") goodtime credits he has earned correctly to his sentence. Petitioner argues that if the credits had been properly applied to his sentence, he would have been eligible for a Parole Board hearing, or possibly released, 10 years ago. (Doc. 19, at 1) The undersigned finds that Petitioner has failed to demonstrate that the BOP is failing to properly award good time credits or failing to properly apply the good time credits to which he is entitled to his sentence.

## II.   JURISDICTION

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,'... and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D–4, L.L.C.*, 541 U.S. 774 (2004)). Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a prisoner's claims that he has been denied good time credits without due process of law. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (1989) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *Toussaint v. McCarthy*, 801 F.2d 1080, 1096 n. 14 (9th Cir. 1986)). Further, because Petitioner is incarcerated at the Federal penitentiary in Tucson, Arizona, this Court has personal jurisdiction over this Respondent, *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

The Court thus concludes that it has jurisdiction over the subject matter of the action and over the person of the Respondent.

### III. EXHAUSTION

Federal courts "require as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds Fernandez–Vargas v. Gonzales*, 548 U.S. 30, 36 (2006). Respondent concedes that Petitioner has exhausted his administrative remedies. (Answer, at 5.) The record submitted by Respondents indicates that Petitioner was advised that his sentence computation was reviewed and determined to be correct. *See* (Ex. 1, Declaration of Douglas W. Curless, ¶ 5, Attachment 3, Administrative Remedy Index and Administrative Remedy numbers 529728 F1, R1, and A2 and 535963 F1, R1, and A1 and responses).

### IV. SENTENCE COMPUTATION

In addition to placing responsibility for the incarceration and treatment of existing and future sentenced D. C. Code felony offenders with the BOP, the Revitalization Act also provided that the BOP assume responsibility for computing the sentences of D.C. Code offenders incarcerated in BOP facilities. *See* Pub.L.No. 105–33, § 11201, 111 Stat. 734 (1997)(codified at D.C. Code §24-101); *See e.g. Dunn v. Rivera*, 2010 WL 4923137, at *3 (D.S.C. Oct. 25, 2010) ("Thus, BOP has the authority to compute and execute these sentences, including computing pre-sentence credits and determining the sentence termination date."), Report and Recommendation adopted, 2010 WL 4923490 (D.S.C. Nov. 29, 2010). BOP has issued a Program Statement establishing procedures for computing sentences for inmates sentenced pursuant to the District of Columbia Code.

*See* Program Statement ("PS") 5880.33, District of Columbia Sentence Computation Manual (July 9, 2010)[5].

## V. GOOD TIME CREDITS

The District of Columbia Good Time Credits Act of 1986 ("GTCA"), D.C.Code § 24-428 *et seq.* (1989) became effective on April 11, 1987. Prior to the GTCA, neither the District of Columbia, nor the federal government[6], allowed good time credits to be applied against minimum sentences; good time credit was allowed only against maximum sentences and the prisoner was required to serve his entire minimum sentence. *See Winters v. Ridley*, 596 A.2d 569, 570 (D.C. 1991); *Solomon v. United States*, 569 A.2d 1185, 1186 (D.C. 1990); D.C. Code §24-405 (repealed 1987); 18 U.S.C. § 4161 (1982).

The Magistrate Judge addresses the BOP's application of good time credits to Petitioner's minimum and maximum sentence under the applicable law below. First, however, the Magistrate Judge addresses Petitioner's argument that he is entitled to a flat rate reduction of his minimum sentence under the "Old Law."

### A. Sentence reduction

Petitioner asserts that, prior to any application of good time credits, "[a]s a D.C. Code Old law offender, the [P]etitioner is only to do 1/3 of his sentence of the Minimum term" before application of good time credits. (Doc. 19, Amended Petition, at 5;

---

[5] http://www.bop.gov/policy/progstat/5880_033.pdf (last visited April 28, 2014).

[6] Prior to enactment of the GTCA of 1986, as a matter of custom, both the D.C. Department of Corrections and the BOP followed federal law regarding application of various credits against a D.C. Code offender's sentence. *See United States Parole Commission v. Noble*, 693 A.2d 1084, (D.C. 1997) (discussing history and application of GTCA in context of applying credit for time served); PS 5880.33, ¶¶ 2.1, 11.2.

- 5 -

Memorandum, at 5.) According to Petitioner's calculations, Petitioner is overdue for review by the Parole Board or should have already been released. (*Id*. at 5-6.) Petitioner does not define what it means to be an "Old Law" offender and under what authority he is entitled to serve only one-third reduction of the minimum term of his sentence. Generally, however, an "Old Law" D.C. Code offender is someone who committed their offense prior to April 11, 1987.[7] Petitioner was sentenced in 1990 for offenses committed between June 1987 and February 1989, and thus is not an "Old Law" offender as the undersigned understands this term to mean. (Ex. 1, Declaration of Douglas Curless, ¶ 4; Attachment 3 at 1.) Regardless, under the relevant law applicable to Petitioner, he is not entitled to serve only one-third of his minimum sentence prior to parole eligibility, further reduced by the application of good time credits.

The D.C. Good Time Credits Act of 1986, D.C. Code § 24–428 *et seq*., ("GTCA") became effective on April 11, 1987, and was applicable for all D.C. Code offenses committed on or after that date and to sentences then being served. Petitioner agrees that this is the law that applies to the computation of his sentence. *See* (Doc. 1, Memorandum, at 2). Thus, Petitioner is not a "D.C. Code 'Old Law' offender. The undersigned finds no support in the GTCA for an automatic reduction of Petitioner's minimum sentence prior to the application of good time credits. Neither has Petitioner provided any support in his Amended Petition or Memorandum for this assertion.[8] The undersigned finds no support

---

[7] Chapter 11 of PS 5880.33, entitled "Calculation of Sentence for Offenses Committed Prior to April 11, 1987" applies to "Old Law" offenders.

[8] Because Petitioner does not cite to a specific provision of the D.C. Code, it is not

- 6 -

for any flat-rate reduction in sentence prior to the application of a reduction for good time credits. *See e.g., Glasco v. United States*, 358 F.3d 967, 969 (2004) ("In the usual case [under the Good Time Credits Act, § 24-428], the amount of the reduction is easily calculated: the prisoner's sentence minus good time credits yields his release date.") Accordingly, the Magistrate Judge recommends that the District Court find that Petitioner is not entitled to a one-third reduction in his minimum sentence prior to the application of earned good time credits.

### B.   Institutional Good Time

Petitioner argues that, under the D.C. Code standards, he is entitled to earn 10 days a month of institutional good time. (Doc. 19, at 5.) Petitioner asserts that institutional good time should reduce the minimum term of his sentence. (Doc. 19, at 5.) Respondent agrees, and the undersigned finds, that this assertion is correct. *See* D.C. Code § 24-428(b) ("Good time credits authorized by the provisions of this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole"). Respondent states that, in accordance with PS 5880.33, the DC IGT has been appropriately applied to Petitioner's minimum sentence for the purpose of determining when Petitioner is eligible for parole. (Answer, at 8.) This is consistent with the provisions of District of Columbia law applicable to Petitioner. *See* D.C. Code § 24-428.

The GTCA repealed D.C.Code § 24–405 and replaced it with D.C.Code § 24–428,

---

clear exactly what Petitioner is asserting. To the extent Petitioner is asserting that the minimum term of his sentence is calculated as one-third of his maximum sentence, this is not an erroneous assertion. Under the Indeterminate Sentence Act, D.C.Code § 24-403(a), a judge imposing a felony sentence must set a "minimum period not exceeding one-third of the maximum sentence imposed" D.C. Code § 24-403(a). A prisoner "may be released on parole" after having served the minimum sentence. *Id*.

Institutional Good Time, which concerned the accrual of Institutional Good Time ("DC IGT") that could be earned based on good conduct. The GTCA still applies to prisoners like Feaster whose offense conduct was committed while it was in effect.

The Good Time Credits Act, § 24-428, provided in relevant part:

> (a) Every person who is convicted of a violation of a District of Columbia ("District") criminal law by a court in the District of Columbia, imprisoned in a District correctional facility, and whose conduct is in conformity with all applicable institutional rules is entitled to institutional good time credits in accordance with the provisions of this section.

D.C. Code § 24-428. The time credited per month depended on the length of sentence. Credits of ten days per month applied to a sentence of "10 years or more," the longest term covered. § 24-428(a)(5).

Respondent states that Petitioner is earning District of Columbia Institution Good Time (DC IGT) at the rate of 10 days per month of clear conduct in accordance with Program Statement 5880.32, and will receive 28,200 days of DC IGT. (Answer, at 7.). BOP has prepared a sentence computation for the Petitioner indicating that Petitioner does in fact receive SGT[9] at a rate of 10 days per month for a total of 28,200 days. (Ex. 2, Attachment 4.) This is consistent with Petitioner's sentencing statute under D.C. Code. § 24-428(a)(5), as the maximum number of DC IGT would be 10 days per month for 235 years, or 28,200 days. This equals a reduction in his maximum sentence of approximately

---

[9] The declaration submitted with Respondent's Answer states that, in the federal system, institutional good time is referred to as Statutory Good Time (SGT) and accrues at a rate determined by statute. (Answer, Ex.2, Declaration of Dennis Melick, ¶ 6.) Petitioner's sentencing computation printout indicates that the rate and application under SGT are consistent with Petitioner's sentencing statute under D.C. Code § § 24-428(a)(5). This is to be expected, as PS 5880.33 states that "[t]he formula for determining DCIGT is the same as for SGT." (*See* PS 5880.33 at Chapter 12, Notes)

- 8 -

77 years. Earning 10 days DC AGT per month for 77 years and four months results in a reduction of Petitioner's minimum sentence by approximately 25 years.

### C. Meritorious Good Time

Petitioner asserts that while he is earning DC MGT credit, the BOP is applying this incorrectly to his maximum sentence, rather than the minimum term. *See* (Petition, at 4-5, Grounds One and Two; Memorandum at 5-6.)  Respondent asserts that Petitioner is not eligible for DC MGT to reduce Petitioner's minimum term because his crimes were committed between April 1987 and prior to June 1994. *See* Answer, at 7. Respondent is correct. The undersigned finds that the BOP is correctly applying Petitioner's meritorious good time credit to the maximum term of Petitioner's sentence.

Respondent asserts that Petitioner will receive up to 7449 days of DC MGT[10] but that this will be applied only to Petitioner's maximum imprisonment term. (Answer, at 6-7.)  Respondent also states that Petitioner is not eligible for District of Columbia Meritorious Good Conduct Time (DC MGT) to reduce his minimum term because his crimes were committed between April 17, 1987, and June 22, 1994. (Answer, at 7) (citing Declaration of Dennis Melick, and PS 5880.33). While Respondent states that Petitioner will receive DC MGT, the supporting documentation and relevant law suggests that Petitioner is in fact receiving only federal EGT, applied to his maximum sentence, and not DC MGT, which, by statutory definition, would necessarily apply to his minimum term. *See* 28-§ 24-221.01a(b)( "[m]eritorious good time credits authorized by this section

---

[10] Respondent explains that DC MGT is referred to as Extra Good Time (EGT) in the federal system. (Answer at 6-7.)

- 9 -

shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole").

Consistent with this conclusion is Melick's declaration which states that Petitioner is not eligible for DC MGT to reduce his minimum sentence, and is supported by section 16.16 of the District of Columbia Sentence Computation Manual. That section states, in relevant part: "Minimum terms imposed on and after April 11, 1987 up to June 22, 1994 may receive DC[]IGT and DC[]EGT" but not DC MGT because there is no program in place to award the credit. *See* PS 5880.33, Chapter 16, page 5, ¶ 16.16. This policy statement is consistent with both federal and District of Columbia law.

The GTCA did not include a provision awarding meritorious good time when it was first enacted in 1986. *See Crosby-Bey v. District of Columbia*, 700 F.Supp. 71, 72 (D. D.C. 1988). Discretionary "meritorious good time credits" were not created until the GTCA was amended by the Omnibus Criminal Justice Reform Act of 1994 ("OCJRA"). *See United States Parole Commission v. Noble*, 693 A.2d 1084, 1103 n.33; D.C. Code §24-221.1 (formerly codified at D.C. Code § 24-429.1). Petitioner has not demonstrated that he is eligible for, and the undersigned cannot find a basis for, applying DC MGT credit to his minimum term. *Cf. Kinard v. O'Brien*, 2008 WL 2095112, *4 (W.D. Va. 2008)(Applying § 18 U.S.C. § 4162 (repealed 1984) to determine whether industrial or meritorious good time credits should be awarded to a D.C. Code offender who committed offenses after enactment of the GTCA but prior to its amendment and repeal in 1994); *but see Hughes v. Sabol*, 2010 WL 2640171, * 1 (D. Mass. 2010)(stating that minimum term of sentence imposed on petitioner convicted in the District of Columbia in 1983 eligible

for application of DC MGT *and* that maximum term may be reduced through application of 18 U.S.C. § 4162).

Prior to enactment of the GTCA of 1986, as a matter of custom, both the District's Department of Corrections and the BOP followed federal law regarding application of various credits against a D.C. Code offender's sentence. *See United States Parole Commission v. Noble*, 693 A.2d 1084, (D.C. 1997) (discussing history and application of GTCA in context of applying credit for time served); PS 5880.33, ¶¶ 2.1, 11.2.

The federal statute awarding meritorious good time credit, 18 U.S.C. § 4162, was repealed in 1984, but is applicable to offenses such as Petitioner's occurring before November 1, 1987, the effective date of the laws' repeal. *See Crosby-Bey v. District of Columbia*, 700 F.Supp. 71 (D. D.C. 1988); Pub.L. 98-473 § 235(a)(1); 18 U.S.C. § 4162 (repealed) Historical and Statutory Notes. Under the federal good time system the BOP applies all good time credits to the prisoner's maximum sentence, moving the mandatory release date forward, but does not affect the minimum term required to be served before an inmate becomes eligible for parole. *Fields v. Keohane*, 954 F.2d 945, 947 (1992); *see also Moss v. Clark*, 886 F.2d 686, 688, 689 (4th Cir. 1989)(comparing good time credits in the District of Columbia and under federal law); 18 U.S.C. § 4162 (1982) (repealed). Accordingly, under the federal good time system applicable to Petitioner and applied by custom in the absence of controlling District law, any "meritorious" or "extra" good time credits Petitioner has earned under federal law cannot be applied to his minimum term.

Accordingly, the Magistrate Judge recommends that the District Court dismiss Petitioner's claim, in Grounds One and Two of the Amended Petition, that the BOP is

incorrectly applying the meritorious good time credits to only the maximum term of his sentence.

### D. Educational Good Time

Petitioner argues that the educational good time credits he is earning should be deducted from his minimum term of imprisonment. *See* (Amended Petition at 4-5, Memorandum, at 6.) Respondent asserts that Petitioner has not earned any DC EGT, and explained in a supplemental answer that Petitioner failed to follow the correct procedure in requesting DC EGT, but that even if he had, the courses he has completed are not eligible for DC EGT. (Doc. 34.) The Magistrate Judge finds that Petitioner fails to demonstrate he is eligible for DC EGT.

Under the GTCA, educational good time credits, earned by successfully completing academic or vocational programs, are applied to both the minimum and maximum terms of a D.C. Code Offender's sentence. *See* D.C. Code 24-429; PS 5880.33, ¶ 12.2(g). This section was not repealed in 1994 and remains in effect. Respondent concedes that pursuant to BOP policy a District of Columbia prisoner could earn educational good time credits which would be applied to reduce his minimum term, but asserts that Petitioner has nothing on file which indicates that he has earned any DC EGT. (Answer, at 7, n. 4)(citing Ex. 2, Declaration of Dennis Melick, ¶ 10). In response, Petitioner filed an exhibit entitled "Inmate Education Data Transcript." (Doc. 27.) The exhibit suggested to the undersigned that Petitioner may have earned educational credits, and additional briefing was ordered to explain the discrepancy. (Doc. 33)

Respondent filed a Supplemental Answer explaining that before DC EGT credit

- 12 -

could be awarded, an inmate must submit an "Inmate Request to Staff Member" form request for DC EGT sentence reduction eligibility calculation to the Supervisor of Education ("SOE"). (Supplemental Response, at 2)(citing Declaration of Mark J. Clark, Assistant SOE at FCC Tucson). Respondent states that Petitioner has not submitted such a request to Assistant SOE Clark, or any other education staff member. (Clark Declaration, ¶ 14.) Pursuant to BOP policy, an inmate is to request a calculation of a DC EGT award by informing the SOE that they are D.C. Code offenders and request DC EGT by submitting an "Inmate Request to Staff Member" form. *See* PS 5884.02, Educational Good Time Sentence Credit for D.C. Code Offenders (August 1, 2002)[11], ¶ 11. The SOE certifies that an inmate has successfully completed a DC EGT designated program, the period of enrollment in the program, and the maximum allowed DC EGT. *Id* at ¶ 11(a). The SOE is to forward the certified form to Inmate Systems Management ("ISM") staff, and ISM certifies the inmate's disciplinary status, and calculates and awards the amount of DC EGT. *Id*. at ¶ 11(b)-(c). An inmate may use the Administrative Rememdy Program to challenge the DC EGT award decision. *See id*. at ¶ 12. Petitioner asserts that he submitted his request for DC EGT to three different staff members. (Supplemental Traverse, at 2-3) As Respondent correctly asserts, none of these requests were made to the SOE or to any other education staff member as required by BOP policy. *See* (Doc. 19) at 35 (January 23, 2009 – request made to case manager), 56 (May 14, 2003 – request made to ISM), and 57 (December 29, 2003 – request made to ISM). Moreover, the requests made in 2003 concerned only the BOP's calculation of DC IGT

---

[11] http://www.bop.gov/policy/progstat/5884_002.pdf (last visited April 28, 2014).

- 13 -

and DC MGT, not DC EGT. *See* (Doc. 19) at 56-57.

Next, Respondent explains that although Petitioner had earned credit hours for courses taken during his incarceration, the courses were not necessarily eligible for DC EGT. Despite Petitioner's failure to submit a request to the SOE for a DC EGT award certification, Clark reviewed Petitioner's transcript and determined that none of the courses on Petitioner's transcript qualified for DC EGT sentence reduction. (Clark declaration, ¶ 13.) The BOP has identified the following programs as designated programs for DC EGT: (1) Literacy and General Education Development (GED); (2) English as a Second Language (ESL); (3) Marketable, Occupational (Non-College) Programs; and (4) Advanced Occupational Programs. *See* Clark declaration, at ¶ 9.

D.C.Code § 24-429 provides:

(a) Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully completing an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month. …

(b) Educational good time credits authorized by the provisions of this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

Under BOP regulations, Petitioner may only receive credit if his "Unit Team" approved or designed a plan for Petitioner to complete a program designated by the BOP as eligible for DC EGT. *See* 28 C.F.R. § 523.31(c). Petitioner has not demonstrated that the courses he completed were part of an approved plan to earn DC EGT.

Petitioner does not provide the court with any specific information as to why the

courses he has taken are eligible for DC EGT, or why he believes that BOP's Policy is inconsistent with D.C. Code § 24-429. Petitioner has provided the Court with an inmate education data transcript that reveals that he has taken a total of 54 courses while incarcerated with the BOP. He fails, however, to explain why DC EGT applies to any of these classes. Therefore, Petitioner has not demonstrated that any of the courses he has taken are eligible for DC EGT. Accordingly, Petitioner has failed to adequately support this claim.

Finally, Petitioner states that the BOP "change[d] their Program Statements to "EXCLUDE" certain course and classes that D.C. Code offenders would ordinarily receive Educational Goodtime Credit After completing" in violation of the Ex-Post Facto Clause of the United States Constitution and their agreement under the Revitalization Act. (Supplemental Traverse, at 5.) This vague and conclusory claim was raised by the Petitioner for the first time in his Reply, and restated in his Supplemental Traverse. Accordingly, the issue is not properly before the Court. Additionally, Petitioner fails to explain how the PS 5884.02, which specifically establishes procedures for awarding DC EGT under D.C. Code §24-429, is a violation of the Ex-Post Facto Clause. Accordingly, the Magistrate Judge recommends that the District Court dismiss this claim.

**VI. PETITION FOR WRIT OF MANDAMUS**

As the District Court previously noted, a writ of mandamus is appropriate only if the plaintiff has clear right to relief, defendants have a clear duty to act, and no other adequate remedy is available. *Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1140 (D. Ariz. 2008) (citing *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003)). To the extent

Petitioner is seeking mandamus relief, Petitioner has demonstrated neither a clear right to relief nor that habeas relief under 28 U.S.C. § 2241 is a potentially adequate remedy. Accordingly, mandamus is not appropriate, and the Magistrate Judge recommends that the District Court deny Petitioner's request for mandamus relief.

## VI.     RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the District Court, after its independent review, enter an order DISMISSING the Amended Petition and DENYING Petitioner's request for mandamus relief, and closing this action in its entirety.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). **No reply to any response shall be filed**. *See id.*

If objections are filed the parties should use the following case number: **CV 12-0674-TUC-JGZ.** If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived.

Dated this 29th day of April, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge