# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Feaster,<br><br>  Petitioner,<br><br>v.<br><br>Federal Bureau of Prisons, et al.,<br><br>  Respondents. | No. CV-11-00453-TUC-JGZ (BPV)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Bernardo P. Velasco recommending that Petitioner's Amended Petition pursuant to 28 U.S.C. § 2241 be denied. (Doc. 41.)  As thoroughly explained by Magistrate Judge Velasco, Petitioner is not entitled to relief as his petition is without merit.  Petitioner's objections to the Report and Recommendation do not undermine the analysis and proper conclusions reached by Magistrate Judge Velasco and are therefore rejected.[1]  The Report and Recommendation is adopted.

---

[1] The Court notes confusion exists as to Petitioner's "meritorious good time" (MGT) credits as a result of terminology employed in the various statutes and programs and by the Bureau of Prisons.  For example, Respondents claim that Petitioner is "being credited for . . . DC MGT" and that "DC MGT has been appropriately applied to his maximum term of imprisonment." (Doc. 24, p. 8.)  However, as found by the Magistrate Judge, Petitioner is not entitled to receive DC MGT, whether applied to his maximum or minimum sentence, as the Good Time Credits Act of 1986, D.C. Code § 24-428 (repealed), did not provide for an award of meritorious good time credits when it was enacted in 1986.  (Doc. 41, pp. 9-10.)  Rather, it appears that Petitioner is receiving federally based "Extra Good Time" (EGT) credit, which is a type of meritorious good time (not associated with section 24-429.1's meritorious good time).  *See* Program Statement 5880.33 § 11.4; *see also* 18 U.S.C. § 4162 (repealed).  While Respondents indicate that Petitioner "will receive . . . Meritorious Good Time (DC MGT as it is called in the District of Columbia system)" (doc. 24, p. 6), and thereafter refer to "DC MGT" credits in their briefing, the exhibits attached to that briefing show that Petitioner's

*Certificate of Appealability*

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." *Harrison v. Ollison,* 519 F.3d 952, 958 (9th Cir. 2008).  "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241 petitions.  Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], *see* § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." *Id.*  Accordingly, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) The Report and Recommendation (Doc. 41) is accepted and adopted.

(2) Petitioner's § 2241 Amended Petition (Doc. 19) is denied.

(3) Petitioner's request for mandamus relief is denied, and this case is dismissed with prejudice.

(4) The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 2nd day of September, 2014.

_____
Jennifer G. Zipps
United States District Judge

---

meritorious good time credits are EGT credits.  (Doc. 24, Exh. 2, p. 28.)  In sum, this Court has found no authority supporting Petitioner's claim that his federally awarded MGT credits should reduce his minimum sentence, and will not therefore disturb the findings of the Magistrate Judge.